**FILED**

7/30/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROGER CHARLES DAY, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 1:20-cv-02005 (UNA) |
| | ) |
| T.J. WATSON, *et al.*, | ) |
| | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of petitioner's petition for writ of habeas corpus and application for leave to proceed *in forma pauperis*. Petitioner is incarcerated at the U.S. Penitentiary located in Terre Haute, Indiana. According to petitioner, he was convicted and sentenced in the United States District Court for the Eastern District of Virginia.

Petitioner brings the petition pursuant to 28 U.S.C. § 2241; however, he explicitly challenges his indictment and charges, along with the imposition of his conviction and sentence, rendering relief more appropriate pursuant to 28 U.S.C. § 2255.

To the extent that a remedy is available to petitioner, his claim must be addressed to the sentencing court in a motion under 28 U.S.C. § 2255. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952); *Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997). Section 2255 provides that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

> attack, may move the court which imposed the sentence to vacate,
> set aside or correct the sentence.

28 U.S.C. § 2255(a).

Therefore, petitioner has no recourse in this court. The court also notes that, even if petitioner had properly pled a claim pursuant to 28 U.S.C. § 2241, he has nonetheless filed in the improper District. "A district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *see also Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [petitioner's] immediate custodian for purposes of § 2241 habeas relief").

For these reasons, the petition is dismissed. A separate order accompanies this memorandum opinion.

____/s/_____
JAMES E. BOASBERG
United States District Judge

Date:   July 30, 2020